On December 4, 1997, plaintiff-appellee, Karen Nienaber, ("Nienaber") gave birth to Nicholas Ryan Nienaber. Nicholas has a severe medical condition which has left him hospitalized since birth. On January 6, 1998, Nienaber filed a complaint alleging that appellant was the father of Nicholas and requested the trial court to find a parent-child relationship between appellant and Nicholas. On May 14, 1998, the Clermont County Child Support Enforcement Agency ("CSEA") established, by genetic testing, that appellant was the father of Nicholas. On June 26, 1998, the CSEA ordered appellant to pay $98.76 a week in child support. On July 1, 1998, Nienaber filed a motion with the trial court to accept and enforce the CSEA's child support order.
On July 21, 1998, appellant filed objections to the CSEA's child support order claiming that all of Nicholas' child care expenses were being provided for through Nienaber's medical insurance. On August 27, 1998, a magistrate held a hearing to determine if he should deviate from CSEA's child support calculation. The magistrate affirmed the CSEA's child support order. On September 8, 1998, appellant filed objections to the magistrate's decision, again claiming that the child support order was unwarranted since all of Nicholas' expenses were covered by Nienaber's medical insurance. On November 13, 1998, the trial court affirmed the magistrate's order. Thereafter, appellant appealed, asserting one assignment of error:
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION.
In his sole assignment of error, appellant argues that the trial court abused its discretion when it failed to deviate from the child support guidelines and find the monthly child support order of $427.96 to be unjust or inappropriate in light of the fact that child care costs and needs are being provided entirely by medical insurance. We agree.
A trial court is required to follow the procedures set out under R.C. 3113.215 when calculating child support. Rock v.Cabral (1993), 67 Ohio St.3d 108, 110. R.C. 3113.215 provides a trial court with objective criteria to determine child support, and grants a trial court the discretion to deviate from such criteria. Fitzgerald v. Fitzgerald (Jan. 24, 1997), Montgomery App. No. 15982, unreported, at 3. However, before a trial court may deviate from the guidelines under R.C. 3113.215, it must determine whether the child support calculated "would be unjust or inappropriate and would not be in the best interests of the child." R.C. 3113.215 (B) (1) (a).[1] To make this determination, a trial court is guided by sixteen factors listed under R.C. 3113.215(B) (3). These factors under R.C.3113.215(B) (3) include in pertinent part: (1) special and unusual needs of the child; (2) extended times of visitation or extraordinary costs associated with visitation; (3) financial resources and earning ability of the parties; (4) physical and emotional condition and needs of the child; and (5) any other relevant factor.
Absent an abuse of discretion, an appellate court will not reverse a trial court's decision whether or not to deviate from the child support guideline. Lattimore v. Lattimore (Oct. 6, 1997), Scioto App. No. 97CA2482, unreported. An abuse of discretion connotes more than an error of judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
In the present case, Nicholas has been hospitalized since birth, and it is unlikely that he will be able to leave the hospital. While hospitalized, Nicholas' basic living needs and medical costs are being provided by the hospital and are being paid for by Nienaber's medical insurance. However, at the August 27, 1998 hearing, the trial court inquired as to the type of medical insurance Nienaber maintains and her costs. Nienaber's attorney stated that Nienaber's medical insurance covers one hundred percent of Nicholas' expenses. However, Nienaber is currently making payments on a $3,000[2] hospital bill that was not paid by her insurance and that she will be responsible for a $5,000 deductible per year. There was no documentary evidence or testimony provided to the trial court to support these statements. The only evidence Nienaber presented was her testimony that she incurred costs for her transportation to and from the hospital, her meals, a pager which enables the hospital to contact Nienaber, and clothes and toys for Nicholas. The resulting costs Nienaber demonstrated at the hearing totaled approximately $60 a month.
We find that the hearing provided the trial court with insufficient evidence to make a finding of whether or not the child support was "unjust or inappropriate and would not be in the best interest of" Nicholas. Accordingly, we find that the trial court abused its discretion by not finding that appellant's child support obligation was unjust or inappropriate and not in Nicholas' best interest. Appellant's assignment of error is well-taken.
We remand this matter to the trial court so that it may make findings as to the costs Nienaber incurs associated with caring for Nicholas, specifically her costs for the medical insurance. There after, the trial court must determine, based on the total costs Nienaber incurs for the care of Nicholas, whether $427.96 is unjust or inappropriate and is in Nicholas' best interest.
Judgment reversed and remanded.
VALEN, J., concurs.
WALSH, J., dissents without opinion.
[1] Thereafter, the court enters in the journal the amount of child support calculated and "its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting the determination." R.C. 3113.215(B) (1) (b).
[2] It is unclear whether it is a deductible or uncovered expenses.